**George Harvey MEEK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–87–00098–CR.**

Court of Appeals of Texas, El Paso.

Feb. 24, 1988.

Rehearing Denied March 16, 1988.

Michael L. Aaronson, Aboud & Aboud, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

OPINION

FULLER, Justice.

This an appeal from a conviction for the offense of arson. The court assessed punishment at seven years' imprisonment. We reverse and remand for new trial.

In Appellant's sole point of error, he asserts the court erred in admitting into evidence the written statement of Appellant, over the objection that it resulted from a custodial interrogation in the absence of advisement to Appellant of his constitutional rights. On April 6, 1986, a fire broke out at 1304 Wedgewood, a residence owned by Mrs. Carole DeWees. On the same date, she gave a statement to Fire Investigator Hector Zubia who was conducting an arson investigation. In this statement, she denied any involvement with regard to the fire. However, she stated that the Appellant, her then estranged husband, had stated he intended to "torch" or set fire to the house. Investigator Zubia made arrangements to interview the Appellant and did so two days later at the Central Fire Station. At the pretrial hearing on Appellant's motion to suppress the statements, the Appellant testified, that before he gave his witness statement, he was taken to an office where he was placed in handcuffs and was generally intimidated. The handcuffs were removed and he was taken to a desk where a secretary transcribed his statement. During the interview he went unaccompanied to his car to retrieve some papers. He left the fire station after the interview; he was not arrested. Investigator Zubia testified that he never placed the Appellant in handcuffs. He also stated that he never considered the Appellant as a suspect during the interview. He testified that he had forgotten about the allegation contained in DeWees' statement. Shortly after the interview began, the Appellant made the following statement which was transcribed into his witness statement:

She also told me that she would like to have the house leveled. My interpretation of this statement of hers was that she wanted the house destroyed. I told her that I would help her to make the arrangements and I would tell her what to buy to do it.

The Appellant proceeded to relate, in a rather contradictory and disjointed manner, the nature of his efforts to get her assistance with regard to her request. At trial, DeWees testified she started the fire and the Appellant, while not present, aided and assisted her in this endeavor. The Appellant's two statements, given that day at the fire station, were read to the jury and were admitted into evidence.

A formal arrest is not a prerequisite before *Miranda* rights arise. *Newberry v. State*, 552 S.W.2d 457 (Tex.Crim.App.1977). Custodial interrogation means questioning initiated by a law enforcement officer after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). One primary factor to be considered in analyzing if there was a custodial interrogation is whether or not the focus of the investigation has finally centered on the defendant. *Ruth v. State*, 645 S.W.2d 432 (Tex.Crim.App.1979). Other factors to be considered are probable cause to arrest, subjective intent of the officer and subjective belief of the defendant. *Ruth*, supra; *McCrory v. State*, 643 S.W.2d 725 (Tex. Crim.App.1982). However, the courts cannot be expected to determine cases solely on the basis of self-serving statements by the defendant or the interrogating officer. *Ruth*, supra.

Investigator Zubia testified that the interview was a question-and-answer session. It defies belief that, when the statement of DeWees regarding the Appellant's threat and the above mentioned statement of the Appellant are taken in conjunction, the focus of the investigation had not centered upon the Appellant, thereby, invoking the rule in *Miranda*. We hold that the Appellant's statements were inadmissible and that they were the result of a custodial interrogation in the absence of the requisite constitutional warnings. Point of Error No. One is granted.

The judgment of the trial court is reversed, and judgment is hereby remanded for new trial.